```
                 UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Virginia


Primus Telecommunications, Inc.,  )
                                  )
     Plaintiff,                   )
                                  )
v.                                )   Civil Action No. 1:09cv10
                                  )
Toshiba of Europe, LTD.,          )
Richard C. Vest,                  )
                                  )
                                  )
     Defendants.                  )
```

## REPORT AND RECOMMENDATION

This matter came before the Court pursuant to plaintiff's Motion for Default Judgment against defendant Richard C. Vest. (Dkt. No. 38.) After a representative for defendant Vest failed to plead, defend, respond to plaintiff's Motion or appear at the proof of damages hearing, the Court took plaintiff's Motion under advisement.

## I. INTRODUCTION

On January 6, 2009, plaintiff Primus Telecommunications ("plaintiff") filed a Complaint against defendants Toshiba of Europe, LTD. ("Toshiba") and Richard C. Vest ("Vest" or "defaulting defendant") (collectively, "defendants") alleging breach of contract, fraud and violation of the Virginia Business Conspiracy Act.[1] Specifically, plaintiff asserts that it entered

---

[1] Plaintiff filed an Amended Complaint on May 27, 2009 alleging additional claims against defendant Toshiba. Defendant Toshiba has since been dismissed from the action and plaintiff is proceeding under the initial Complaint with respect to defendant Vest.

into a contract with defendant Toshiba under which plaintiff agreed to provide international long-distance telecommunications services to Toshiba in exchange for payment and other consideration.  (Compl. ¶ 1.)  The contract was executed on behalf of Toshiba by defendant Vest, who was Toshiba's Information Systems and Communications Manager.  (Id.)  Between November 18, 2008 and December 3, 2008, plaintiff rendered services under the contract totaling $2,825,466.16, but Toshiba refused to remit payment on the grounds that defendant Vest lacked actual authority to execute the contract. (Id.)  Thus, plaintiff brought a breach of contract claim against Toshiba for its failure to pay overdue invoices, as well as claims against both Toshiba and Vest for fraud and violation of the Virginia Business Conspiracy Act.  (Id. ¶ 2.)

In the instant Motion, plaintiff seeks default judgment against defendant Vest.  In June 2009, plaintiff and defendant Toshiba entered into a settlement agreement pursuant to which Toshiba paid plaintiff $1.5 million, but made no admission of liability.  (Mot. for Default J. 1.)  A Stipulation of Dismissal as to Toshiba was filed on June 17, 2009.  (Dkt. No. 37.) Plaintiff now seeks to recover the remaining damages from defaulting defendant Vest.

### A.  Jurisdiction and Venue

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2) because the amount in

controversy exceeds &75,000, exclusive of interest and costs, and is between citizens of a State and citizens of a foreign state.[2]

In order for this Court to exercise personal jurisdiction over defaulting defendant Vest, two requirements must be satisfied. <u>CFA Institute v. Institute of Chartered Financial Analysis of India</u>, 551 F.3d 285, 292 (4th Cir. 2009). First, Virginia's long-arm statute must authorize the exercise of such jurisdiction. <u>Id</u>. Second, the Due Process Clause of the Fourteenth Amendment requires that defaulting defendant have sufficient minimum contacts with the forum state. <u>Id</u>. Specifically, defaulting defendant Vest's conduct must have such a connection with Virginia that it is fair for Vest to be required to defend himself in a court in the Commonwealth. <u>See Helicopteros Nacionales de Colombia S.A. v. Hall</u>, 466 U.S. 408, 414-15 (1984).

In the instant case, the exercise of personal jurisdiction under Virginia's long-arm statute is proper. The actions alleged in the Complaint and further clarified in plaintiff's Memorandum in Support of the Motion for Default Judgment indicate that defaulting defendant Vest has purposefully availed himself of the

---

[2] Plaintiff is a corporation organized under the laws of the State of Delaware, with principal place of business in McLean, Virginia. (Compl. ¶ 3.) Defendant Toshiba is a United Kingdom private limited company with principal place of business in London, United Kingdom. (Id. ¶ 4.) Defendant Vest is a citizen of United Kingdom and resides in Berkhamsted, Hertfordshire, United Kingdom. (Id. ¶ 5.)

benefits of doing business in Virginia by transacting business in Virginia.[3] Va. Code § 8.01-328.1(A)(1). Under Virginia's long-arm statute, "a single act by a nonresident which amounts to 'transacting business' in Virginia. . . may be sufficient to confer jurisdiction." English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990). See also Affinity Memory & Micro, Inc. v. K & Q Enters, Inc., 20 F.Supp.2d 948, 952 (E.D. Va. 1998) (noting that a "substantial" single transaction satisfies Virginia's long-arm statute). In this case, the actions in which defaulting defendant allegedly engaged are sufficient to authorize personal jurisdiction under the long-arm statute. Defendant Vest negotiated and executed, on behalf of defendant Toshiba, a contract for telecommunication services with plaintiff, which is located in Virginia. During the contract negotiations, defendant Vest communicated multiple times by telephone with various employees of plaintiff Primus who were located in Virginia, including a conference call between Vest and plaintiff's staff on November 17, 2008. (Compl. ¶¶ 14, 18, 19.) Such conduct is sufficient to render Vest subject to personal jurisdiction in a court in the Commonwealth of Virginia.

---

[3] The Virginia long-arm statute, codified at Virginia Code § 8.01-328.1, enumerates various bases by which a court may exercise personal jurisdiction over a defendant. Va. Code § 8.01-328.1(A). Included in the list of actions that render a defendant subject to personal jurisdiction is "[t]ransacting any business in [the] Commonwealth." Id. § 8.01-328.1(A)(1). The purpose of the statute is "to extend jurisdiction to the extent permissible under the due process clause." English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990).

4

Defaulting defendant's actions also satisfy the requirements imposed by the Due Process Clause and constitute sufficient minimum contacts with the Commonwealth to allow this Court to exercise personal jurisdiction.  See Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945) (outlining the "minimum contacts" analysis required by the Due Process Clause).  Based on the facts alleged in the Complaint, it is clear that defaulting defendant Vest directed his actions at the forum state in more than a "random, fortuitous, or attenuated way."  See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997).  Accordingly, this Court may properly exercise personal jurisdiction over defaulting defendant Vest.[4]

Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.[5]

---

[4] Additionally, under paragraph 19.2 of the Master Services Agreement executed between plaintiff and Toshiba, Toshiba consented "to the nonexclusive jurisdiction of the courts in Fairfax County, Virginia or of the federal courts located in the Eastern District of Virginia (Alexandria Division) with respect to any dispute, controversy or other matter relating to or arising out of this Agreement."  Defendant Vest executed the Master Services Agreement on behalf of Toshiba.  (Compl. ¶ 8.)

[5] Moreover, in paragraph 19.3 of the Master Services Agreement, Toshiba waived "to the fullest extent permitted by applicable law," any objection to the laying of venue in the courts of Fairfax County or the federal courts in the Alexandria Division of the Eastern District of Virginia.  (Compl. ¶ 8.)

**B.  Process and Service**

Plaintiff filed its Complaint on January 6, 2009.  On March 18, 2008, plaintiff's process server personally served a copy of the Complaint and Summons on defendant Richard C. Vest at 18 Brook Lane, Berkhamsted, Hertfordshire HP4 2JW, United Kingdom. (See Summons Returned Executed Richard C. Vest, Dkt. No. 5.) Pursuant to Federal Rule of Civil Procedure 12, defendant Vest had twenty (20) days after receiving service of process to serve an Answer.  FED. R. CIV. P. 12.  To date, defendant has not filed an Answer or other responsive pleading in this matter.

**C. Grounds for Entry of Default**

On June 22, 2009, plaintiff requested an entry of default against defendant Vest.  (Dkt. No. 41.)  The Clerk entered default on June 24, 2009.  (Dkt. No. 43.)  Plaintiff filed a Motion for Default Judgment against defendant Vest, and Memorandum in Support thereof, on June 19, 2009.  (Dkt. No. 38.) Defendant Vest has failed to answer or otherwise respond to plaintiff's Complaint or Motion.  (Mem. in Supp. of Mot. for Default J. 1-2.)  When a representative for defendant Vest failed to attend the July 10, 2009 hearing on plaintiff's Motion for Default Judgment, the Court took the Motion under advisement to issue this Report and Recommendation.

II. <u>FINDINGS OF FACT</u>

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff has established the following facts.[6]

Plaintiff is a telecommunications company that offers Voice Over Internet Protocol ("VOIP") long-distance telephone call termination service to corporate customers.  (Mem. in Supp. of Mot. for Default J. 2; Compl. ¶ 1.) Defendant Vest was employed by defendant Toshiba as a manager for Information Services and Communications. (Mem. in Supp. of Mot. for Default J. 2; Compl. ¶ 5.)  On November 17, 2008, plaintiff finalized a Master Services Agreement (the "Agreement") purportedly with Toshiba, under which plaintiff agreed to provide telecommunications services.  (Mem. in Supp. of Mot. for Default J. 2; Compl. ¶¶ 52-58.)  Plaintiff began providing such services on November 18, 2008 and terminated the services on December 3, 2008 when it discovered that a had been fraud perpetrated by Vest.  (Mem. in Supp. of Mot. for Default J. 3; Compl. ¶¶ 24-36, 62, 69; Yung Decl. ¶ 3.)  Prior to termination of service, plaintiff provided telephone services valued at $2,825,466.16.  (Mem. in Supp. or Mot. for Default J. 3; Compl. ¶¶ 51, 58, 70; Yung Decl. ¶ 9.)

---

[6] The pleadings include the Complaint (Dkt. No. 1), plaintiff's Motion for Default Judgment (Dkt. No. 38), plaintiff's Memorandum in Support of the Motion for Default Judgment (Dkt. No. 39) and its supporting documents, including the Declaration of Brian Yung ("Yung Decl.") and documents submitted in proof of damages.

Plaintiff alleges that it was fraudulently induced by defendant Vest to enter into the Master Services Agreement. Specifically, plaintiff avers that defendant Vest falsely represented to plaintiff that he was overseeing Toshiba's procurement of VOIP long-distance telephone services, that he had the authority to enter into the Agreement on Toshiba's behalf, and that Toshiba would pay for the telecommunications services provided. (Mem. in Supp. of Mot. for Default J. 2-3; Compl. ¶¶ 14, 52-54.) Plaintiff relied on the representations by Vest when deciding to enter into the Agreement to provide services to Toshiba. (Mem. in Supp. of Mot. for Default J. 3; Compl. ¶ 58.) Moreover, after plaintiff began providing telephone services under the Agreement, defendant Vest gave false assurances to plaintiff that the telephone traffic at issue was being generated by Toshiba. (Mem. in Supp. of Mot. for Default J. 3; Compl. ¶¶ 23, 57.) In fact, Toshiba never intended to procure the telecommunications services addressed in the Agreement. (Mem. in Supp. of Mot. for Default J. 3; Compl. ¶ 53.) Through its own reasonable diligence, plaintiff discovered the fraud within 15 days of commencing the telephone services to Toshiba and ceased providing the services on December 3, 2008. (Mem. in Supp. of Mot. for Default J. 3; Compl. ¶¶ 24-36, 62, 69.)

Plaintiff submitted two invoices to Toshiba for the services rendered. (Mem. in Supp. of Mot. for Default J. 3-4;

Yung Decl. 5-8.)  The first invoice for $2,098,158.82, dated December 1, 2008, covered the period of November 18, 2008 to November 30, 2008.  (Mem. in Supp. of Mot. for Default J. 3; Yung Decl. ¶ 5.)  The second invoice, dated December 14, 2008, was for $727,307.34 and covered charges incurred from December 1, 2008 through December 3, 2008.  (Mem. in Supp. of Mot. for Default J. 3-4; Yung Decl. ¶ 7.)  Each invoice includes the actual costs to plaintiff of providing the services rendered plus the profits that plaintiff expected to earn on the services.  (Yung Decl. ¶¶ 6,8.)  The rates plaintiff charged for the services were competitive for business customers like Toshiba..  (Id.)  Together, the invoices total $2,825,466.16.  (Mem. in Supp. of Mot. for Default J. 4; Yung Decl. ¶ 9.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted.  Before entering default judgment, however, the court must ensure that the complaint properly states a claim.  GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).  Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the plaintiff's claims against the standards of Fed. R. Civ. P. 12(b)(6).

According to plaintiff, defendant Vest should be held liable for damages incurred by plaintiff as a result of Vest's

violations of the Virginia Business Conspiracy Act, Va. Code § 18.2-499.[7]  (Mem. in Supp. of Mot. for Default J. 5-6; Compl. ¶¶ 65-71.)  Section 18.2-499 prohibits any two or more persons from combining, associating, agreeing, mutually undertaking or concerting together "for the purpose of willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever."  Va. Code Ann. § 18.2-499(A).  Pursuant to Section 18.2-500(A), civil relief is available to "[a]ny person who shall be injured in his reputation, trade, business or profession by reason of violation of § 18.2-499."  Va. Code. Ann. § 18.2-500(A).

The Court finds that plaintiff has sufficiently pled facts demonstrating violations of the Virginia Business Conspiracy Act by defendant Vest.  In falsely inducing plaintiff to enter into the Agreement, defendant Vest conspired with individuals identified as "Tim Scott," "Mark Jones," "Shakeel Tandel," and "Peter Thoms" (collectively the "co-conspirators").  (Compl. ¶ 65.)  Defendant Vest falsely represented to plaintiff that the co-conspirators were employees of Toshiba.  (Id. ¶¶ 40, 57, 65.)  In fact, none of the co-conspirators were employees of Toshiba.  (Id. ¶ 65.)  After plaintiff began providing services under the

---

[7] The allegations that Vest violated the Virginia Business Conspiracy Act appear in the Count III of the Complaint. Plaintiff is not seeking separate judgement against Vest with regard to the fraud allegations contained in Count II of the Complaint.  (Mem. in Supp. of Mot. for Default J. 6, n.3.)

10

Agreement, the co-conspirators induced plaintiff to continue providing the services by falsely representing that Vest had authority to enter into the contract and that it was Toshiba who was generating the telecommunication traffic being carried under the Agreement.  (Id. ¶¶ 28, 31.)

Based on plaintiff's allegations, it is clear that defendant Vest and the co-conspirators entered into a combination, agreement and conspiracy for the purpose of willfully and maliciously injuring plaintiff in its business in violation of Virginia Code Section 18.2-499(A).  Vest and the co-conspirators acted with malice in that they sought, through deceit, to convince plaintiff to provide VOIP call termination service for defendant Vest's benefit by falsely representing that Toshiba intended to enter into the Agreement with plaintiff and that Vest had the authority to act on behalf of Toshiba. (Id. ¶ 66.) In reality, Vest did not have the authority to enter into the contract and neither Vest nor his co-conspirators intended to pay plaintiff for the services rendered.  Vest and the co-conspirators further knew that Toshiba had no intention of entering into the Agreement or making payment for the services provided by plaintiff.  The facts alleged demonstrate that Vest and the co-conspirators committed multiple acts in furtherance of their conspiracy, including making several false communications to plaintiff's employees in Virginia.

As a result of the actions by defendant Vest and his co-conspirators, plaintiff sustained actual damages of $2,825,466.16. Defendant Vest is liable to plaintiff for damages incurred as a result of Vest's violations of Virginia Code Section 18.2-499.

## IV. REQUESTED RELIEF

Pursuant to Section 18.2-500, plaintiff is entitled to recover "three-fold the damages" sustained as a result of the conspiracy. Va. Code Ann. § 18.2-550(A). Such damages may include loss of profits. Id. The total invoiced amount of $2,825,466.16 includes both the cost to plaintiff of providing the services rendered as well as the loss of profits that plaintiff would have realized but for the conspiracy perpetrated by Vest and the co-conspirators. (Mem. in Supp. of Mot. for Default J. 4.) After the damages sustained by plaintiff are trebled, the total amount of damages owed plaintiff under the statute is $8,476,398.48. (Yung Decl. ¶ 10.) Toshiba has made a settlement payment of $1.5 million toward the total amount.[8] Thus, the amount of damages outstanding is $6,976,398.48.

---

[8] Under Fourth Circuit precedent, settlement payments made by co-defendants must be deducted after a damage award has been trebled. Burlington Industries v. Milliken & Co., 690 F.2d 380, 392 (4th Cir. 1982), cert. denied, 461 U.S. 914 (1983).

Accordingly, plaintiff requests an entry of a default judgment against defendant Vest in the amount $6,976,398.48.[9]

## V.   RECOMMENDATION

The undersigned Magistrate Judge recommends default judgment be entered against defaulting defendant Richard C. Vest for $6,976,398.48 for violations of the Virginia Business Conspiracy Act, Va. Code § 18.2-499.

## V.   NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of its service.  A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record, and to defendant at the following address:

    Richard C. Vest
    5 Beech Drive
    Berkhamsted
    Hertfordshire HP4 2JW, United Kingdom

---

[9] Pursuant to Va. Code Section 18.2-500(A), plaintiff is further entitled to recover the costs of this suit, including reasonable attorney's fees.  Plaintiff is not seeking such an award, however.  (Mem. in Supp. of Mot. for Default J. 4, n.2.)

13

```
                                  _____/s/_____
                                  THERESA  CARROLL  BUCHANAN
                                  UNITED  STATES  MAGISTRATE  JUDGE
```

August 21, 2009
Alexandria, Virginia